```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


MERLE NORFLET, as Fiduciary over    :
the Person and Estate of Maggie     :
Norflet, on behalf of Maggie        :
Norflet, on behalf of herself and   :
all others similarly situated       :
                                    :
        v.                          :   CIV. NO. 3:04cv1099 (JBA)
                                    :
JOHN HANCOCK FINANCIAL SERVICES,    :
INC. and JOHN HANCOCK LIFE          :
INSURANCE COMPANY                   :
```

## RULING

### I. **Procedural History**

On October 5, 2006, defendants filed a motion to compel discovery, seeking the identity and location of all individuals known to plaintiff who have knowledge of discoverable information. [Doc. #56]. Specifically, defendants sought the identity of two former agents of John Hancock who were interviewed by plaintiff's counsel prior to the initiation of this lawsuit. On October 20, 2006, plaintiff objected to defendants' motion to compel and moved for a protective order, claiming that the information sought was protected by the work product doctrine and that the witnesses feared retaliation. [Doc. #60 and 61].

On October 26, 2006, plaintiff also filed a motion to compel documents identified in defendants' privilege log. After an agreement by the parties, plaintiff withdrew the motion to compel on November 3, 2006. Defendants then produced redacted copies of

the requested documents.  After reviewing the redacted documents, plaintiff moved to renew her motion to compel.  [Doc. #74]. Defendants objected, claiming that the unredacted documents contain both attorney-client and work product information.  [Doc. #76].

A hearing on the above motions was held on December 14, 2006.  For the reasons stated below, defendants' motion to compel [Doc. #56] is **GRANTED**; plaintiff's cross motion for a protective order [Doc. #61] is **DENIED**; and plaintiff's renewed motion to compel [Doc. #74] is **DENIED**.

## II.  Discussion

### A.  Defendants' Motion to Compel [Doc. #56] and Plaintiff's Motion for a Protective Order [Doc. #61]

Plaintiff has filed a lawsuit on behalf of her mother, claiming that defendants discriminated against a race-based class of African-Americans by steering the class into purchasing "inferior" life insurance policies.  Pl's. Am. Compl. ¶ 12. Plaintiff is in the process of seeking class certification. Prior to filing the lawsuit, plaintiff's counsel interviewed two former agents of John Hancock.  Pl's. Mem. for Protective Order ¶ 1.  Plaintiff claims that the information provided by these individuals was helpful "in enabling counsel to develop its legal theories and litigation strategy."  Id.

Defendants filed a motion seeking to discover the identity and location of these two individuals.  Plaintiff objects to

providing this information, claiming that the identity of these two individuals is work product, that the former employees fear retaliation, and that plaintiff has no intention of calling these individuals as witnesses.[1]

The Federal Rules of Civil Procedure provide that initial disclosures must include,

> the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment ...

Rule 26(a)(1)(A). While the exchange of information mandated in Rule 26(a)(1)(A) relates to witnesses that the disclosing party **may** use at trial,[2] defendants do not allege that the identity of these individuals must be revealed under that Rule. Instead, defendants claim that disclosure is mandated pursuant to Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(1) states that,

> parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including ... the identity and location of persons having knowledge of any discoverable matter.

---

[1] The Court notes that, at the hearing, plaintiff's counsel indicated that these individuals would not be called as witnesses. Additionally, plaintiff's counsel's affidavit states that plaintiff does not have "any intention of using these individuals as witnesses." Lesser Aff. ¶ 4. However, the affidavit also indicates that "should [plaintiff] decide ... to use these individuals as witnesses or put in as testimony anything they said, we would immediately provide their identities to Defendants' counsel." Id.

[2] Failure to identify individuals pursuant to Rule 26(a)(1)(A) may preclude a party from using that undisclosed person at later time.

3

Fed. R. Civ. P. 26(b)(1). Therefore, under Rule 26(b)(1), the fact that plaintiff does not intend to call these witnesses at trial is irrelevant. A literal reading of the Rule requires the disclosure of the identities of all individuals who have knowledge of any discoverable matter, whether or not the individual will be called as a witness. The only caveat carved out in the Rule, which would allow a party to withhold this discoverable material, is the claim of privilege.

As plaintiff admits she relyied on the information provided by these two former agents in preparing the complaint, it is clear that these individuals possess discoverable information. However, plaintiff claims that these individuals were interviewed by counsel in preparing legal strategy, and, therefore, their identities are protected by the work product doctrine.

The work product doctrine which "provides qualified protection for materials prepared by or at the behest of counsel in the anticipation of litigation or for trial" is well-established under federal law. <u>In re Grand Jury Subpoena Dated Mar. 19, 2002 and Aug. 2, 2002</u>, 318 F.2d 379, 383 (2d Cir. 2003) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 511 (1984)). The work product doctrine shelters the mental impressions of the attorney.

> [I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless inference.

4

Id. The Federal Rules of Civil Procedure incorporate the work product doctrine enunciated in Hickman:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial or for another party or by or for that party's representative ... only upon a showing that the party ... is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials ... the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

Despite the work product doctrine, disclosure may be required if the party seeking discovery shows a substantial need and undue hardship. Hickman, 329 U.S. at 511-12. Also, the work product doctrine does not preclude the discovery of non-privileged facts. Id.

In support of her argument, plaintiff relies on a line of cases which holds that disclosing the identity of individuals interviewed by counsel would allow the discovering party to infer opposing counsel's trial strategy and mental impressions, and, thus, the identity is protected by the work product doctrine. Lexalt v. McClatchy, 116 F.R.D. 438, 443 (D. Nev. 1987). However, the factual context in which this precedent originated is distinguishable from the facts presented here. Most of these cases involved disputes which arose after the producing part(ies) had revealed a list of individuals who possessed discoverable material. The discovering part(ies) then sought to have the list

5

narrowed by requesting opposing counsel to identify who, from the list, was interviewed. That is not the scenario presented in this case, and plaintiff's reliance on this line of cases is misplaced.

For example, in In re MTI Technology, SACV 00-745 (DOC), 2002 WL 32344347 (C.D. Cal. June 13, 2002), plaintiff's Rule 26 disclosures included a list of 71 names of current and former employees. Defendants then requested plaintiff to identify which of these individuals were the six identified in the Second Amended Consolidated Complaint. The Court found that, while "the identity and location of witnesses that may have knowledge of any discoverable matter is ***not*** protected, the identity of witnesses interviewed by opposing counsel is." Id. at *3 (emphasis added). The plaintiff in In re MTI Technology was not required to identify which six individuals were interviewed out the list of names originally provided under Rule 26 because the mental impressions of counsel could be inferred. Id. However, the court did not relieve a party from making the required disclosure of the identity of individuals who possessed discoverable material in accordance with Rule 26. Instead, the court specifically stated that the identity of all individuals with knowledge of discovery matter is **"not"** protected. Id. See also Elec. Data Sys. Corp. v. Steingraber, 4:02cv225, 2003 WL 21654405, at *2 (E.D. Tex. 2003) (pursuant to Rule 26, defendant listed 59 individuals with knowledge of relevant facts but did not have to reveal which of the 59 were interviewed); In re

Priceline.com, Inc. Sec. Litig., No. 3:00cv1884, 2005 WL 1366450, at *4 (D. Conn. June 7, 2005) (although identity of people interviewed is work product, requiring defendants to "ferret" through the voluminous list of individuals who were **previously identified** as having knowledge would create an undue hardship) (emphasis added).

Numerous other courts have consistently held that the names and addresses of individuals interviewed by counsel "who have knowledge of the facts alleged in the complaint are not protected from disclosure by the work product doctrine." In re Theragenics Corp. Sec. Litig., 205 F.R.d. 631, 634-36 (N.D. Ga. 2002) (the names and addresses sought by defense counsel were not protected by the work product doctrine); In re Aetna Inc. Securities Litigation, No. CIV.A.MDL. 1219, 1999 WL 354527, at *3 (E.D. Pa. May 26, 1999) (the identities of people referenced in the complaint are not protected by the work product doctrine as it "will not reveal the mental impressions, conclusions, opinions, or legal theories of [] attorneys"); United States v. Amerada Hess Corp., 619 F.2d 980 (3d Cir. 1980) (because the work product content of the list of individuals with knowledge of discoverable information was minimal, the identities were not protected work product); Am. Floral Servs., Inc. v. Florists' Transworld Delivery Ass'n, 107 F.R.D. 258, 260-61 (N.D. Ill. 1985) (plaintiff had to identify the list of witnesses interviewed).

The disclosure of the identities of the two former agents of John Hancock will provide little, if any, insight into

7

plaintiff's counsel's trial strategy and/or mental impressions. Therefore, the Court finds that this information is not protected by the work product doctrine.  Even if the Court were to find that the identities of individuals interviewed by plaintiff's counsel are protected by the work product doctrine, the Court finds that plaintiff has failed to take the fundamental first step required under Rule 26(b)(1), to provide the defendants with the names and locations of all individuals, interviewed or not, with knowledge of discoverable material.

Plaintiff's counsel also claims that the two former agents fear retaliation if their identities are revealed.  Pl's. Mem. at p. 9-10.  At the hearing, plaintiff's counsel admitted that one of the former agents was retired.  On further questioning by the Court, plaintiff's counsel also admitted that he could not specify the specific form of retaliation feared by the individual who was not retired.  Counsel simply repeated his conclusory allegation that the individual feared retaliation in "the industry."  Such conclusory allegations do not support plaintiff's contention that there is a genuine risk of retaliation.  Discoverable information cannot be withheld without such a showing.

Defendants' motion to compel [Doc. #56] is **granted.** Plaintiff shall provide defendants a list of individuals with knowledge of discoverable information, together with their addresses, within ten (10) days of the entry of this order.

8

### B. Plaintiff's Renewed Motion to Compel [Doc. #74]

After plaintiff's initial motion to compel was filed, an agreement was reached amongst the parties, and the motion was withdrawn. In accordance with the agreement, the defendants provided plaintiff redacted copies of documents listed in their privilege log. After reviewing these documents, plaintiff renewed her motion to compel. Plaintiff also requested that the Court conduct an *in camera* review of the redacted material to determine whether the attorney-client privilege or work product doctrine applied.

After conducting an *in camera* review, the Courts finds that defendants have provided a substantial number of documents which they originally claimed as privileged. The remaining redacted material, which was previously identified in defendants' privilege log, is protected by either the attorney-client privilege or work product doctrine. Plaintiff's renewed motion to compel [Doc. #74] is **denied.**

### III. Conclusion

For the reasons stated above, defendants' motion to compel [Doc. #56] is **GRANTED;** plaintiff's cross motion for a protective order [Doc. #61] is **DENIED;** and plaintiff's renewed motion to compel [Doc. #74] is **DENIED.**

SO ORDERED at Bridgeport this 5th day of February, 2007.


___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE