UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MERLE NORFLET, as Fiduciary over the Person and Estate of Maggie Norflet, on behalf of Maggie Norflet, on behalf of herself and all others similarly situated,<br>    *Plaintiff*,<br><br>    v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY,<br>    *Defendant*. | Civil No. 3:04cv1099 (JBA)<br><br><br>CLASS ACTION<br><br><br>August 21, 2009 |

ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION
SETTLEMENT AND OTHER RELIEF

Upon consideration of the Motion for Final Approval of the Class Action Settlement and the Motion for an Award of Fees and Expenses and for an Award to the Named Plaintiff [Doc. ## 202, 207, 208], and all the supporting materials filed in connection therewith, including the proposed Stipulation of Class Action Settlement ("Settlement Agreement"), and the Court having heard argument on the same on August 21, 2009 at the Fairness Hearing, and upon consideration of all the matters heretofore presented in this Action, and for the reasons stated on the record in open court on August 21, 2009, it is hereby ordered that the motions be, and are, GRANTED.

The Court further makes the following findings and rulings:[1]

1.    The Court finds that this litigation was commenced on July 7, 2004.

2.    After several years of intensive litigation, including extensive discovery and motion practice and decisions by the Court, and as a result of intensive, arm's-length

---

[1] As used herein, capitalized terms shall have the same meanings as defined in the Parties' Settlement Agreement submitted in connection with the present motions, unless the context clearly requires a different interpretation.

negotiations between Class Counsel and Defendant, including the assistance of Joseph Garrison Esq. of Garrison, Levin-Epstein, Chimes, Richardson & Fitzgerald PC, an accomplished civil rights litigator who served as settlement facilitator to John Hancock and also played the role of a quasi-mediator between the Parties, the Parties have reached accord with respect to a Settlement that provides substantial benefits to Class members, in return for a release and dismissal of the claims at issue in this case against the Defendant as set forth in detail in the Settlement Agreement.  The resulting Settlement Agreement was preliminarily approved by the Court on February 10, 2009 in the Preliminary Approval Order.

3.   The Settlement Class shall be the class certified by the Court on September 6, 2007, under subparts (b)(2) and (b)(3) of Fed. R. Civ. P. 23.  The Settlement Class is defined as:

> African American individuals who are purchasers, owners, insureds or beneficiaries of industrial weekly life insurance policies or monthly debit policies (*i.e.*, monthly premium industrial and monthly debit ordinary life insurance policies) issued by John Hancock prior to or during 1958.

4.   As part of the Preliminary Approval Order, this Court approved a comprehensive Amended Class Action Settlement Notice Plan ("Notice Plan"), pursuant to which Class members were to be provided notice of the proposed Settlement.  The Notice approved was to provide an opportunity for the Class members to file objections to the Settlement, and an opportunity to opt-out of the Settlement.

5.   The Parties have filed with the Court an Affidavit of Anya Verkhovskaya, of A.B. Data, Ltd., the Claims Administrator, declaring that in accordance with the procedures approved in the Preliminary Approval Order, the Class was provided with Notice pursuant to the Notice Plan regarding the proposed settlement and deadlines for procedures for

opting out or objecting.  Direct mail notice was provided to 402,022 owners of Inforce WPI, MPI, and MDO Policies, who were reasonably identifiable via John Hancock's electronic records.  The proposed settlement was also publicly reported in 26 magazines and newspapers of national and regional circulation, including newspapers that have primarily African-American readership.  Internet banner advertisements regarding the settlement appeared on 40 African-American-centered websites, including websites for alumni of historically Black colleges and universities.  Notice also involved direct outreach to African-American organizations.  Over 240 online groups were contacted via e-mail and over 10,000 organizations received Affinity Organization Notice Packages via U.S. Mail.  Notice was also published on www.johnhanocksettlement.com and www.findjustice.com.  Additional outreach efforts have also been made by Class Counsel, as set forth in the materials they submitted to the Court.

6.     The Court finds that Notice was provided to the Class in accordance with the Settlement Agreement, the Notice Plan, and the Court's Preliminary Approval Order.  The Court finds and determines that the Notice provided in this case was the best notice practicable.  The Court further holds that the Notice was accurate, objective, informative, and provided members of the Class with the information necessary to make an informed decision regarding their participation in the Settlement and its fairness, and therefore satisfies the requirements for notice under applicable law, including constitutional due process requirements.

7.     Persons who wished to be excluded from this action were provided an opportunity to "opt-out" pursuant to the Notice.  No persons have sought to exclude themselves from the action.  Accordingly, all members of the Class are bound by this Order

Granting Final Approval of The Class Action Settlement and Other Relief, the Settlement, the Settlement Agreement, and the releases contained within the Settlement Agreement. Class members do not have a further opportunity to opt-out of this action.

8. Class members who wished to object to any part of the Settlement, including its terms, the requests for fees and expenses by Class Counsel and the proposed award to the Named Plaintiff, were provided an opportunity to do so pursuant to the Notice. Only three individuals indicated interest in objecting to the Settlement, but these individuals failed to provide Appropriate Documentation Evidencing Membership in the Class as required by the Settlement Agreement and set forth in the Notice. Thus, the Special Master deemed these individuals as ineligible to officially object and notified them as such via U.S. Mail. None of these individuals applied to the Court, as permitted by the Settlement Agreement, for review of the Special Master's determination. Even if the Court were to accept these three individuals' correspondence as formal objections, none of them raise valid reasons to deny final approval of the Settlement or any part thereof.

9. On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, the Court is of the opinion that the Settlement is a fair, reasonable and adequate compromise of the claims against the Defendant in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure. There are a number of factors that the Court has considered in affirming this Settlement, including:

    a. The liability issues in this case have been vigorously contested.

    b. This Settlement has the benefit of providing relief to the Class members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the parties to

>   this litigation. The Settlement provides the Class members with a substantial monetary benefit directly through the Claims that were made and will be paid and in the form of the substantial *cy pres* funds that will be made available.
>
> c. The Settlement is clearly a byproduct of hard-fought litigation between the Parties, and not a result of any collusion on the part of Class Counsel or counsel for the Defendant.

10. The Notice provided Class members notice of Class Counsel's proposed application for reasonable attorneys' fees, costs, and expenses consistent with the terms of the Settlement Agreement and this Court's Preliminary Approval Order. Class Counsel are qualified, experienced, and aggressively litigated this case, thereby demonstrating their adequacy as counsel for the Class and the Settlement. This Court has considered the request, and also considered the lack of any objections to the same, the case law and precedent showing that the request is within the range of attorneys' fees in comparable cases, the reasonable and appropriate nature of the expenses, and the governing authority and grants the request. The Court finds that final approval of attorneys' fees in the amount of $6,682,850.90 is warranted and justified by the work performed, the skill, the risks taken, and the results achieved by Class Counsel and that Co-Lead Class Counsel are to divide the same between themselves at their joint discretion. The Court also finds that approval of the attorneys' expenses application in the amount of $149,149.10 is warranted, based on Class Counsel's actual out-of-pocket costs and expenses. The Court further approves the request for $400,000 for future fees and expenses incurred in finalization, implementation and monitoring of the Settlement Agreement.

11. The Notice provided Class members notice of the Class Counsel's proposed award to the Named Representative consistent with the terms of the Settlement Agreement and this Court's Preliminary Approval Order. This Court has considered the request, and also considered the lack of any objections to the same, the case law and precedent showing that the request is within the range of incentive awards in comparable cases and the governing authority, and hereby grants the request. The Court finds that the Named Plaintiff, Merle Norflet, should be awarded $20,000 as an incentive award, an amount that is reasonable and equitable as an incentive award for the time she spent in deposition, responding to discovery, and/or otherwise working with Class Counsel to prosecute and resolve this case.

12. The claims procedure established under the Settlement Agreement is fair and workable. In any event, the Special Master will oversee the claims process and the Court will retain jurisdiction to work out any unanticipated problems.

13. In accord with the Settlement Agreement, John Hancock has transferred $24,400,000 into the Qualified Settlement Fund.

14. All Individuals seeking to submit a claim for monetary benefits under the Settlement Agreement must demonstrate eligibility to do so by submitting to the Special Master documentation sufficient to evidence class membership, as set forth in Sections III.G. – III.Q. of the Settlement Agreement. Such information must accompany the Individual's request to submit a claim for benefits as described below.

15. Each member of the Settlement Class is permanently enjoined from commencing, prosecuting or maintaining in any court other than this Court, any claim, action or other proceeding that challenges or seeks review of relief from any order, judgment, act or ruling of this Court in connection with the Settlement Agreement.

16. Each member of the Settlement Class is permanently enjoined from commencing, prosecuting, or maintaining, any claim that is subsumed within the Settlement Agreement.

17. The Amended Complaint shall automatically, ten business days after the effective date of this Order, be dismissed with prejudice, except that the Court shall retain continuing jurisdiction limited to enforcing the Settlement Agreement.

18. Neither the Settlement Agreement, nor this Final Order, nor the certification of the Class, nor any communication or action by the parties in connection with the Settlement constitutes or shall be deemed to constitute an admission by John Hancock of any liability or wrongdoing whatsoever, or a finding by this Court as to the merits of any claim or defense asserted or that could have been asserted in this action, or of any wrongdoing by John Hancock.  Neither the Settlement Agreement nor this Final Order is or shall be used or deemed to be an admission in any action or proceeding of any fault, liability or wrongdoing by any person or entity; and neither the Settlement Agreement, nor any of the negotiations or proceedings related thereto, nor this Final Order, nor any related document or communication, shall be offered or received in evidence against any person or entity in any action or proceeding as an admission, concession, presumption or inference as to the merits of any claim or defense; provided, however, that the Settlement Agreement

7

or this Final Order may be received in evidence in any proceeding in this Court as may be necessary to consummate or enforce the Settlement Agreement or this Final Order.

19. The Court hereby enjoins disclosure to third parties of the documents and information discussed or exchanged during the Parties' confidential settlement negotiations and mediation to any third party not specified in the parties' confidentiality agreements.

20. Without affecting the finality of this Final Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, and effectuation of the Settlement Agreement and this Final Order. In addition, without effecting the finality of this Final Order, this Court retains jurisdiction over the parties and each Class Member for the purpose of issuing such further orders and directions as may be necessary or appropriate for the construction, implementation and enforcement of the terms of the Settlement Agreement and this Final Order. Notwithstanding that this Court retains jurisdiction to enforce and administer the terms of the Settlement Agreement, and any matters that may arise therefrom, this Order is final.

21. John Brittain, Esq. is approved as chair of the *Cy Pres* Advisory Committee, which will assist in the application and selection of organizations to receive *cy pres* awards.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of August, 2009.